# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2020

Lyle W. Cayce
Clerk

No. 19-10290

Derrick Adrian Johnson,

*Plaintiff—Appellant*,

*versus*

United States of America; United States Department of Justice Northern District of Texas, Dallas; United States Attorney for the Northern District of Texas, Dallas,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1329

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Derrick Johnson, federal prisoner #36454-177, moves to proceed *in forma pauperis* ("IFP") to appeal the dismissal of 28 U.S.C. § 1331 complaint for monetary damages for failure to state a claim and for seeking monetary

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 19-10290

relief against defendants who are immune from such relief, per 28 U.S.C. § 1915(e)(2)(B). Johnson also moves for an expedited ruling.

By moving to proceed IFP, Johnson is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In his complaint, Johnson sought financial compensation for property he alleged was taken from him after he was arrested. Johnson was given the opportunity to supplement his complaint through a questionnaire, and he stated he was seeking monetary damages solely under § 1331.

Johnson has not shown that his appeal of the ruling that he failed to state a claim under § 1331 against any defendant for monetary damages involves legal points arguable on the merits. *See Howard*, 707 F.2d at 220. Further, although the district court went on to determine that amendment of the complaint would be futile because an action for monetary damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), or 42 U.S.C. § 1983 would be time-barred, Johnson does not address that determination and has therefore waived any challenge to it. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The motion for an expedited ruling is denied.

The dismissal as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762–63 (2015). Johnson is warned that if he accumulates three strikes under § 1915(g), he

No. 19-10290

will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).